| | AUSA: | Sara Woodward | Telephone: (313) 226-9180 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: | Jeff Maslar | Telephone: (216) 496-6544 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| United States of America | | |
|---|---|---|
| v. | | Case: 2:21-mj-30437 |
| AVERY J. BRADLEY | Case No. | Assigned To : Unassigned |
| | | Assign. Date : 9/15/2021 |
| | | Description: RE: SEALED MATTER (EOB) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 2015- November 30, 2018__ in the county of __Oakland__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 641 | theft of government property |
| 38 U.S.C. § 6101 | misappropriation by fiduciary |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

JEFF MASLAR - Special Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: September 15, 2021

_____
*Judge's signature*

City and state: Detroit, MI

David R. Grand- U.S Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A COMPLAINT

I, Jeff Maslar, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, of the United States Code. I am empowered to conduct investigations of and to make arrests for offenses enumerated in Title 18 of the United States Code.

2. I am a Special Agent (SA) employed by the Veterans Affairs (VA), Office of Inspector General (OIG), Criminal Investigations Division (CID), assigned to the Cleveland Resident Agency. I have been so employed since May of 2011. Prior to VA OIG CID, I was employed as a Special Agent with the United States Secret Service since 2002.

3. During my tenure as a Federal law enforcement officer, I have investigated a range of state and federal criminal violations, including those involving white-collar crime, violent crime, and crimes against children. Since 2001, I have received training and have experience in interviewing and interrogation techniques, arrest procedures, search and seizure, search warrant applications, and various other crimes and investigation techniques.

4. This affidavit is made in support of a criminal complaint and arrest warrant for AVERY J. BRADLEY for violating 18 U.S.C. § 641 (theft of government property), and 38 U.S.C. § 6101 (misappropriation by fiduciary).

5. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant; therefore, this affidavit does not contain every fact that I have learned during the course of the investigation. I have only set forth the facts necessary to establish probable cause to believe that BRADLEY violated the statutes identified above. The information contained in this affidavit is based upon my personal knowledge, training and experience, as well as the combined knowledge, training and experience of other law enforcement officers and agents with whom I have had discussions.

## **PROBABLE CAUSE**

6. The United States, including the VA OIG CID, is conducting a criminal investigation of AVERY J. BRADLEY regarding violations of 18 U.S.C. § 641 (Theft of Government Property), and 38 U.S.C. § 6101 (Misappropriation by Fiduciary).

7. On November 20, 2015, AVERY J. BRADLEY was appointed by the VA as the fiduciary for veteran G.B. G.B. was a Marine Corps veteran who received compensation for service-connected disabilities. The VA determined G.B. had become incompetent to handle his funds and appointed BRADLEY as his

fiduciary. Based on the facts set forth below, I believe that BRADLEY misappropriated approximately $60,366.14 in VA compensation payments entitled to veteran G.B.

8.     Between December 2015 and November 30, 2018, approximately $135,092.40 in VA benefits were deposited into G.B.'s VA designated direct deposit bank account. BRADLEY was the assigned and sole custodian of the designated direct deposit account where G.B.'s VA benefits were sent. According to the VA Indianapolis Fiduciary Hub (IFH) and as set forth below, Avery BRADLEY withdrew cash from veteran G.B.'s VA designated account without supporting receipts or description of their use.

9.     On November 20, 2015, BRADLEY signed a VA Fiduciary Agreement acknowledging his responsibilities to G.B. The Fiduciary Agreement stated that all disbursements from the VA designated account were to be made by check or electronic payment. The agreement specifically stated "No checks are to be written for cash and no cash withdrawals. No Exceptions." The agreement also stated: "I understand that funds are to be used for the beneficiary and his/her recognized dependent, if applicable. I understand that I cannot borrow, loan, or gift funds belonging to the beneficiary." The agreement also stated: "I understand that I will be held responsible for misuse of the beneficiary's funds or for not adhering to

these requirements." BRADLEY signed this agreement, affirming the statements above.

10.     BRADLEY's responsibilities as fiduciary included providing annual accountings of the veteran's funds due to his 100% service-connected disability.

11.     In March 2016, the VA received a letter from G.B. complaining that his rent and phone bills were unpaid and he was having difficulty getting in contact with BRADLEY.

12.     BRADLEY's accounting statement submissions were rejected by the VA IFH due to unexplained debits and cash withdrawals. As a result, on November 30, 2018, the VA sent BRADLEY a letter notifying him of his removal as fiduciary and the appointment of a replacement. The letter explained that BRADLEY was required to submit a final accounting to the VA and turn all remaining funds belonging to G.B. over to his replacement. BRADLEY submitted two VA Fiduciary account forms, but did not provide any receipts verifying that withdrawals he made on the account were used on the veteran's behalf.

13.     On April 30, 2020, VA OIG CID agents telephonically interviewed Avery BRADLEY. During this interview, BRADLEY confirmed he was veteran G.B.'s fiduciary from approximately 2015 through 2018. BRADLEY admitted to withdrawing cash out of G.B.'s designated account. BRADLEY stated he used the cash withdrawals to pay the veteran's caretaker whose name he could not recall.

BRADLEY claimed he provided the caretaker approximately $2,000 a month for G.B.'s expenses and $200 a month for allowance. BRADLEY confirmed he had not provided the VA with receipts or proof that the outstanding cash withdrawals were utilized on the veteran's behalf.

14. BRADLEY also acknowledged that he had signed the VA Fiduciary Agreement on November 20, 2015. When specifically asked about #6 on the Statement of Understanding "No checks are to be written for cash and no cash withdrawals, NO EXCEPTIONS"), BRADLEY described his lack of adherence to this section of the agreement as an "oversight."

15. On May 8, 2020, VA OIG CID Agents spoke with G.B.'s caretaker, V.S. V.S. confirmed she provided care to G.B. from approximately June 2016 to December 2018. V.S. stated that Avery BRADLEY was G.B.'s fiduciary until December of 2018 when he was removed.

16. V.S. stated she never received cash from BRADLEY and that he always paid via check. V.S. recalled checks for approximately $2,800 per month given to her by BRADLEY. V.S. explained that $2,000 was for the care of G.B., while the remaining $800 was for the veteran's miscellaneous expenses. V.S. stated that when G.B. needed additional funds for a purchase that cost more than his allowance would cover, BRADLEY would include it in the monthly check he gave to V.S. V.S. stated there were occasions when the veteran's cell phone service was

shut off because BRADLEY did not provide him with the necessary funds to cover the cost.

17. V.S. stated she never witnessed BRADLEY provide G.B. with any cash, and recalled BRADLEY visiting G.B. once while he was his designated fiduciary. V.S. stated BRADLEY would usually just drop the monthly check off to her without visiting G.B.

18. V.S. said that BRADLEY called her after his April 2020 interview with VA OIG CID. BRADLEY asked V.S. to say that she received cash from him. V.S. told BRADLEY she never received cash from him and that he knew payments for G.B. were done by check only.

19. On May 15, 2020, VA OIG CID Agents interviewed P.L., G.B.'s court appointed guardian since the beginning of 2016. P.L. stated G.B. has only stayed at homes operated by V.S. during the time she has been assigned to the veteran.

20. P.L. confirmed that Avery BRADLEY was G.B.'s fiduciary at the time of her guardianship appointment through 2018. P.L. stated she did receive a guardianship fee from BRADLEY approximately every 90 days. P.L. stated BRADLEY always paid her via check and BRADLEY never provided her with cash for her guardianship. P.L. stated she never witnessed BRADLEY provide G.B. with cash.

21. P.L. explained that in addition to G.B.'s monthly care, she also received a monthly allowance for spending money from BRADLEY. P.L. stated BRADLEY provided these payments via check and never used cash at any time for these payments.

22. I have reviewed bank records pertaining to account number X5786, the Estate of G.B. with Avery J. BRADLEY as the assigned conservator. A copy of the Fiduciary Signature Card showed Avery BRADLEY as the Conservator of the account. The records revealed that approximately between December 2015 and November 30, 2018, $64,877.37 in cash withdrawals were made from the account with no supporting evidence or documentation that they were used on behalf of the veteran.

24. The bank records also show that BRADLEY paid G.B.'s caretakers by check only. For example, between June 4, 2016 and November 30, 2016, BRADLEY paid G.B.'s caretaker V.S. a total of $78,600.00 for the veteran's rent and monthly allowances. Payments to V.S. were made via check. BRADLEY also paid G.B.'s court appointed guardian P.L. $2,367.00 during his tenure as the veteran's fiduciary.

25. BRADLEY opened the account on December 11, 2015 with a $20,000.00 check deposit made payable to the Estate of G.B. from Family Option Services Incorporated. Further review of the records by the affiant showed BRADLEY

diverted funds from the veteran's account based on the following activity from February 18, 2016 through November 30, 2018:

| | |
|---|---|
| VA benefits received: | $135,092.40 |
| Deposit from veteran's estate: | $26,281.27 |
| Total: | $161,373.67 |
| Allowable expenses: | $90,006.30 |
| Misappropriated funds: | ($71,367.37) |
| Funds returned: | $ 11,001.23 |
| Difference: | ($ 60,366.14) |

26. In addition to the $64,877.37 in unaccounted for cash withdrawals, BRADLEY wrote multiple checks payable to himself, cash, or money order for approximately $6,490.00. An example was on November 22, 2016, when BRADLEY wrote a check from the estate account of G.B. payable to himself for $2,840.00. Per the VA Fiduciary Unit, this type of activity is unauthorized and there is no acceptable reason for these withdrawals to occur.

## **CONCLUSION**

29. Your affiant submits that there is probable cause to believe that AVERY BRADLEY knowingly misappropriated, and stole approximately $60,366.14 in VA benefits, in violation of 38 U.S.C. § 6101, and 18 U.S.C. § 641.

*[signature]*
JEFF MASLAR
Special Agent
Veterans Affairs Office of Inspector General
Criminal Investigations Division

Sworn and subscribed to before me
or by reliable electronic means.

*[signature]*
David R. Grand
United States Magistrate Judge
Eastern District of Michigan

September 15, 2021

9